UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 21-cr-616 (RCL) |
| : | |
| DONALD SMITH : | |
| Defendant : | |

DEFENDANT'S UNOPPOSED MOTION TO CONTINUE AND
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The defendant, Donald Smith, through his attorney, Christopher O'Malley, Assistant Federal Public Defender, hereby moves this Court for a 60- day continuance of the above captioned matter, and further to exclude the time from the current calendar and trial date set for November 18, 2022, pursuant to 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest o the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), in support of the motion the defendant states as follows:

FACTUAL BACKGROUND

On September 21, 2022, a status hearing was heard via video teleconference consented to by all parties. At that hearing the parties agreed that negotiations and discovery review had reached their conclusion and requested a jury trial be scheduled. This Court Ordered a motions schedule and trial date for November 18, 2022. Additionally, by consent of the parties this Court Ordered and tolled the speedy trial clock until November 18, 2022.

On October 7, 2022, the government provided additional discovery to the defense visually depicting the defendant at the Capital on January 6, 2021. Counsel has conferred with the government about these additional photographs and the alleged prior photographs of the defendant provided at the inception of the case. The defendant respectfully requests a

continuation of 60 days to review the latest discovery and the government has no objection to this motion.

## ARGUMENT

Section 3161 (h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which an indictment muse be filed. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A) the court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such a continuance on the basis his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial

In this case the ends-of-justice is warranted 18 U.S.C. § 3161(h)(7)(A). Additional time is necessary to adequately review this additional discovery, modify pre-trial motions and trial strategy and further negotiate between the parties on a non-trial disposition.

On October 12, 2022, defense counsel notified the government of the filing of this motion and the Government consents to this motion.

WHEREFORE, the defendant Donald Smith, through counsel respectfully requests this Court grant the motion for a 60-day continuance of the above captioned matter, and the Court exclude the time within which of the current Speedy Trial Order on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A)

Respectfully

/s/ *Christopher O'Malley*

CHRISTOPHER O'MALLEY
Assistant Federal Public Defender